

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. AP-74,391

---

### PERRY EUGENE WILLIAMS, Appellant

### v.

### THE STATE OF TEXAS

---

### ON DIRECT APPEAL
### FROM HARRIS COUNTY

---

**Meyers, J.,** *filed a dissenting opinion.*

I do not agree with the majority's analysis of Appellant's first point of error.

Slowly but surely the mitigation issue has been turned on its head and has become

nothing more than a tool to insure the implementation of death. The issue was meant to

provide society with a mechanism for declining to sentence a defendant to death. The

elected district attorney has the prerogative to seek the death penalty in any case which

meets the basic requirements of Penal Code Sec. 19.03. But the mitigation issue allows

the jury to say that it does not want to give the death penalty in the circumstances of that

case. As a result, it is as much society's right as it is the defendant's, and no defendant should be able to waive it.

I agree with the Appellant that the issue has become so muddied that the hearing on mitigation is often more detrimental than beneficial. By the time the jury is to consider the mitigation issue, they have already agreed that the defendant is a future danger and have decided to sentence him or her to death. *See* Texas Code of Criminal Procedure Art. 37.071 Sec. 2(b). Mitigation is the defendant's opportunity to try to change their minds. By presenting evidence of issues that may make the defendant less culpable for his horrible actions, such as childhood issues, mental problems, abuse, drug addiction, etc., the jury has a chance to consider that there may have been some situations that were out of the defendant's control that contributed to his actions. Therefore, rather than allow a defendant to waive the issue, we should give greater structure and guidance on the issue so that it is useable and not something that a defendant would want to waive. See my dissenting opinion in *Mosley v. State*, 983 S.W.2d 249, 270 (Tex. Crim. App. 1998).

The Texas legislature promulgated the mitigation special issue because the United States Supreme Court stated that the jury must be able to consider and give effect to any mitigating evidence relevant to a defendant's background and character or the circumstances of the crime. *Penry v. Lynaugh*, 492 U.S. 303, 328 (1989); Texas Code of Criminal Procedure 37.071Sec. 2 (e)(1). The point was to give *to the jury* a method for

voting against the death penalty if there are mitigating circumstances. The jury, representing society, has been given the option to not give a defendant the death penalty. I disagree with the majority that the choice given to the jury can be waived by the defendant.

I do, however, understand why a defendant would want to waive the mitigation special issue now that we allow the State to present totally irrelevant victim-related evidence. Allowing such evidence turns the mitigation special issue into a value-of-life weighing test where the value of the victim's life that was taken is on one side and whether the defendant's life is valuable enough to be spared is on the other. This type of value-of-life balancing test was specifically rejected by the Supreme Court in *Payne v. Tennessee*, 501 U.S. 808, 823, stating that "victim impact evidence is not offered to encourage comparative judgments of this kind – for instance, that the killer of a hardworking, devoted parent deserves the death penalty, but that the murderer of a reprobate does not." However, the Court ultimately held that the Eighth Amendment did not bar the presentation of victim impact evidence. *Payne* says, "We thus hold that if the State chooses to permit the admission of victim impact evidence and prosecutorial argument on that subject, the Eighth Amendment erects no *per se* bar. A State may legitimately conclude that evidence about the victim and about the impact of the murder on the victim's family is relevant to the jury's decision as to whether or not the death penalty should be imposed. There is no reason to treat such evidence differently than

other relevant evidence is treated." *Id*. at 827. While our legislature specifically stated in Texas Code of Criminal Procedure Article 37.071, section 2 (e)(1), that the defendant's character and background should be considered by the jury, nowhere does it say that the victim's character and background should be. Because our legislature has not concluded that evidence about the victim and the impact of the murder on the victim's family should be admitted for the jury to consider when deciding whether the death penalty should be imposed, we should not take it upon ourselves to read that into the statute. I decline to legislate from the bench.

Therefore, I respectfully dissent.

Meyers, J.


Filed: June 11, 2008

Publish